**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION**

AMILIA QADIR,

    Plaintiff,

                              CASE NO.:

v.

A & E HOME SUPPLY, INC.,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, AMILIA QADIR, by and through undersigned counsel, brings this action against Defendant, A & E HOME SUPPLY, and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq. and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Southern District of Florida, because all of the events giving rise to these claims occurred in St. Lucie County, Florida.

**PARTIES**

4. Plaintiff is a resident of St. Lucie County, Florida.

5. Defendant operates a medical resource store in Port St. Lucie, in St Lucie County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII.

11. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

## FACTS

12. Plaintiff was employed by Defendant from June 2018 to October 2018 as a customer service representative.

13. Plaintiff is a woman.

14. Plaintiff performed the job for which she was hired in a satisfactory manner.

15. From June 2018 until October 2018, two male coworkers made several sexual advances towards Plaintiff, which Plaintiff rejected.

16. A number of times, when Plaintiff rejected one of the coworkers' sexual advances, he yelled at her and frivolously wrote her up.

17. The other coworker told Plaintiff "you look sexy" and called Plaintiff "sexy red."

18. This coworker also grabbed Plaintiff and attempted to hug her, but Plaintiff pushed him off of her.

19. Thus, Plaintiff was subjected to disparate treatment on the basis of her sex.

20. Over the course of three months, in August, September, and October 2018, Plaintiff reported the discrimination she experienced to Defendant and her supervisor.

21. Defendant took no remedial action in response.

22. Instead, on or about October 26, 2018, Defendant retaliated against Plaintiff for invoking her rights under Title VII and the FCRA by terminating Plaintiff's employment.

## COUNT I – TITLE VII VIOLATION
### (SEX DISCRIMINATION)

23. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

24. Plaintiff is a member of a protected class under Title VII.

25. Plaintiff was subjected to unwelcome harassment on the basis of her sex, including sexual advances by her coworkers.

26. The harassment suffered by Plaintiff was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment with Defendant, up to and including the termination of Plaintiff's employment.

27. Defendant knew or should have known of the unwelcome harassment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

28. Defendant's actions were willful and done with malice.

29. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) An injunction restraining continued violation of Title VII by Defendant;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f)    Any other compensatory damages, including emotional distress, allowable at law;

    g)    Punitive damages;

    h)    Prejudgment interest on all monetary recovery obtained.

    i)    All costs and attorney's fees incurred in prosecuting these claims; and

    j)    For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII RETALIATION

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

31. Plaintiff is a member of a protected class under Title VII.

32. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

33. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating Plaintiff's employment.

34. Defendant's actions were willful and done with malice.

35. In, Defendant took material adverse action against Plaintiff.

36. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

    ***WHEREFORE***, Plaintiff demands:

    a)    A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT III – FCRA VIOLATION
### (HARASSMENT)

37. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

38. Plaintiff is a member of a protected class under the FCRA.

39. Plaintiff was subjected to unwelcome harassment on the basis of her sex, including sexual advances by her coworkers.

40. The harassment suffered by Plaintiff was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment with Defendant, including but not limited to termination of her employment.

41. In response, Defendant failed to intervene or take prompt and effective remedial action.

42. Defendant's actions were willful and done with malice.

43. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    e) Any other compensatory damages, including emotional distress, allowable at law;

    f) Punitive damages;

    g) Prejudgment interest on all monetary recovery obtained.

    h) All costs and attorney's fees incurred in prosecuting these claims; and

    i) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

44. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

45. Plaintiff is a member of a protected class under the FCRA.

46. Plaintiff engaged in protected activity under the FCRA by complaining about the discrimination she experienced..

47. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

48. Defendant's actions were willful and done with malice.

49. By terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

50. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

  j)  All costs and attorney's fees incurred in prosecuting these claims; and

  k)  For such further relief as this Court deems just and equitable

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 22nd day of July, 2020.

               Respectfully submitted,

               _____
               **LUIS A. CABASSA**
               Florida Bar Number: 0053643
               **WENZEL FENTON CABASSA, P.A.**
               1110 N. Florida Avenue, Suite 300
               Tampa, Florida 33602
               Main Number: 813-224-0431
               Direct Dial: (813) 379-2565
               Facsimile: 813-229-8712
               Email: lcabassa@wfclaw.com
               Email: gnichols@wfclaw.com
               **Attorneys for Plaintiff**